FILED

09/20/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 17, 2019

## TRAVIS MORGAN, ET AL. v. LAND DESIGN COMPANY, INC., ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 47460     Joseph A. Woodruff, Judge**

_____

### No. M2019-00563-COA-R3-CV

_____

The plaintiffs have appealed from an order granting in part and denying in part the defendants' motion for summary judgment. The trial court also directed the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02. Because the ruling is not appropriate for certification as a final judgment under Tennessee Rule of Civil Procedure 54.02, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ.

Philip L. Robertson, Franklin, Tennessee, for the appellants, Travis Morgan and Leslie Burton.

Benjamin Ealey Goldammer, Nashville, Tennessee, for the appellees, Land Design Company, Inc. and Lipsy Arnold.

### MEMORANDUM OPINION[1]

This appeal arises out of the purchase of a newly constructed home. The buyers, Travis Morgan and Leslie Burton, assert that the defendants, Land Design Company, Inc. ("LDC") and Lipsy Arnold, did not construct the home in a workmanlike manner.

_____

[1]Tenn. R. Ct. App. 10 states:

> This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In their second amended complaint, the buyers include claims for (1) misrepresentation and fraudulent concealment, (2) negligence by LDC, and (3) breach of implied warranty.[2] The defendants moved for summary judgment. On February 28, 2019, the trial court granted the defendants' motion for summary judgment as to the plaintiffs' misrepresentation and fraudulent concealment claim but denied the motion as to the plaintiffs' breach of implied warranty claim. The trial court treated the negligence claim as subsumed into the claim for breach of implied warranty. The plaintiffs filed their notice of appeal on March 28, 2019. On May 9, 2019, the trial court amended the February 28, 2019 order to include an express determination that there is no just reason for delay and an express direction for the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02.[3]

A party is generally entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The trial court may also direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" under Tennessee Rule of Civil Procedure 54.02(1). However, the trial court's authority to direct the entry of a final judgment is not absolute. *Crane v. Sullivan*, No. 01-A-01-9207-CH-00287, 1993 WL 15154, at *1 (Tenn. Ct. App. Jan. 27, 1993). First, Tennessee Rule of Civil Procedure 54.02 requires that the order certified as final actually adjudicate one or more of the claims or parties. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990). Second, the trial court must determine that there is "no just reason for delay." Tenn. R. Civ. P. 54.02(1).

The determination of whether an order disposes of a separable claim is a question of law reviewed *de novo*. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009).

If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable.

*Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citation omitted).

---

[2] The trial court dismissed the plaintiffs' negligence claims against Mr. Arnold on January 7, 2019.

[3] The trial court also determined that the order was appropriate for interlocutory review under Tennessee Rule of Appellate Procedure 9. However, no Rule 9 application for permission to appeal was timely filed, and in any event, we cannot conclude that this is an appropriate case for an interlocutory appeal.

A "claim" for the purposes of Tennessee Rule of Civil Procedure 54.02 is defined as the "aggregate of operative facts which give rise to a right enforceable in the courts." *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010) (citations omitted). Alternate theories in pursuit of one recovery do not constitute separate claims. *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012). Likewise, a complaint seeking multiple remedies for the alleged violation of a single right states only a single claim for relief. *Coleman v. Tennessee Bd. of Parole*, 2016 WL 6248027, at *5.

Here, both the breach of implied warranty claim and the misrepresentation and fraudulent concealment claim arise out of the same operative facts. They are merely alternative theories in pursuit of one recovery, and for the purposes of Tennessee Rule of Civil Procedure 54.02, they state a single claim for relief. Thus, the trial court's ruling is not "dispositive of an entire claim or party" and is not subject to certification as final under Rule 54.02. *Bayberry Assocs.*, 783 S.W.2d at 558.

Because the order does not dispose of one or more claims, we need not address the trial court's finding of "no just reason for delay." *Carr*, 2010 WL 1633467, at *2. We note, however, that piecemeal litigation is disfavored in Tennessee. Judicial economy favors having all issues reviewed in a single appeal, and we see no reason why an appeal in this case should not await the resolution of all issues.

On August 30, 2019, this court ordered the parties to show cause why the appeal should not be dismissed without prejudice to the filing of a new appeal once the trial court has entered a final judgment. The plaintiffs have responded by agreeing the appeal should be dismissed without prejudice.[4]

The appeal is hereby dismissed without prejudice to the filing of a new appeal once the trial court has entered a final judgment that disposes of all the claims between all the parties. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to the plaintiffs.

PER CURIAM

---

[4] The plaintiffs also filed a motion for an extension of time within which to file their brief. In light of the dismissal of the appeal, the motion for an extension of time is moot.